IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| S.M. AND J.M. ON BEHALF §<br>OF THEMSELVES AND AS §<br>PARENT/GUARDIAN/NEXT FRIEND §<br>OF S.M., A MINOR §<br>§<br>*Plaintiffs*, §<br>§<br>V. §<br>§<br>TEXAS EDUCATION AGENCY, §<br>KILLEEN INDEPENDENT §<br>SCHOOL DISTRICT §<br>§<br>*Defendants.* § | CIVIL CASE NUMBER: 6:21-CV-1305<br><br>JURY TRIAL REQUESTED ON<br>CERTAIN CLAIMS |

### PLAINTIFFS' ORIGINAL COMPLAINT AND APPEAL

Come now S.M. and J.M., on behalf of themselves and as parents/guardians/next friends of S.C., a minor student with disabilities ("Plaintiffs" or "Plaintiff parents" or "S.M.") and bring this Original Complaint and Appeal against Defendant Texas Education Agency ("Defendant TEA") and Killeen Independent School District ("Defendant KISD" or "Killeen") and state as follows:

### I. INTRODUCTION

1. S.M. is ten years old and a fifth-grade student at Charter Oak Elementary School, having withdrawn from Killeen on or about October 21, 2020. The family is a military family; Plaintiff J.M. retired from the military in October 2019. Killeen discriminated against Plaintiffs because of S.M.'s disability and because of her mother's vigorous advocacy for her and her brother, S.C.

2. This case is brought pursuant to the Americans with Disabilities Act as Amended, 42

1

U.S.C. §§12101 et seq., Title II ("ADA") and Section 504 of the 1974 Rehabilitation Act, 29 U.S.C. §794 ("§504") and all related regulations. It is also an appeal after an administrative hearing held pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§1400 et seq., ("IDEA") and Texas law. At issue is a remedy for Plaintiffs for Killeen ISD's failure to comply with IDEA and its eventual "force out" of S.M. and her parents from the District in response to Plaintiff parents' advocacy for S.M. and her brother, S. C.

3.  The Texas Education Agency ("TEA") is the State Education Agency that receives federal funding from the United States Department of Education and is responsible to ensure the implementation of the IDEA in the State of Texas consistent with 20 U.S.C. §1412. TEA is responsible to ensure that Plaintiffs have available to them both a state agency complaint process and a special education due process hearing system that meet the requirements of 20 U.S.C. §1415.

4.  There is no dispute that S.M. is protected by the ADA/§504 and the IDEA. She is eligible for special education and related services as a student with a speech and language disorder, motor needs, ADHD (Other Health Impairment or OHI), and dyslexia, and has also been identified by entities other than Killeen as having dyspraxia, autism and Central Auditory Processing Disorder (CAPD). Killeen has recognized S.M. as a student with ADHD and dyslexia consistent with the ADA and §504 as early as the 2013-2014 school year. Both Plaintiff parents are protected in their own rights by the ADAAA. Plaintiff Stephanie Moody has self-disclosed disabilities. Plaintiff Josh Moody, a military veteran has experienced medical disabilities as well. Both have advocated on behalf of S.M.

## II.  JURISDICTION AND VENUE

5.  This case is an original action pursuant to the ADAAA, 42 U.S.C. §12101, et seq.,

(ADA) and Section 504, 29 U.S.C. §794 (§504) and all related regulations. Both the ADAAA and Section 504 are federal statutes over which this Court has original jurisdiction. 28 U.S.C. §1331.

6. This lawsuit follows administrative exhaustion through the TEA decision known as TEA Docket No. 033-SE-0620; *S.M. n/n/f Stephanie and Josh M. v. Killeen Independent School District* issued November 15, 2021. Ex. 1 ("Decision"). The case was an open hearing pursuant to Plaintiffs' rights. The Decision is completely contrary to the preponderance of the evidence submitted to the state hearing officer (SEHO). The SEHO provided S.M. no relief. Plaintiffs are aggrieved by the SEHO's decision, and actions/inactions of the TEA and this Court has subject-matter jurisdiction pursuant to the IDEA as well. 20 U.S.C. §§1400 et seq; 20 U.S.C. §1415.

7. Venue in this Court is proper under 28 U.S.C. §1391(b).

### III.   THE PARTIES

8. S.M. and her parents, Stephanie M. and Josh M. are the Plaintiffs. S.M., is the minor student. Stephanie M. is her natural mother and legal guardian and next friend. Josh M. is her natural father and legal guardian and next friend. At all times material to this action, Plaintiffs' legal residence was within Killeen. Many of the actions concerning the state complaint and due process hearing involve the TEA which is located in Austin, Texas. The family removed S.M. from Killeen in November of 2020 but continued to reside in the Killeen through April 2021 paying out of district tuition to Belton ISD and providing transportation. S.M. is a qualified individual with a disability protected by the ADAAA (Title II) and Section 504 whom the Killeen has failed to fully recognize and properly serve under Section 504. S.M. has dyspraxia (language disorder), ADHD, dyslexia, autism, and CAPD. Each of those disabilities impacts her major life activities, including learning and concentrating. Reference to S.M. is used to protect the minor's privacy consistent with Fed. R. Civ. Proc. 5. The full identity of the Plaintiffs is known to Killeen but can

3

be fully revealed to the Court at a later date, if necessary. The Plaintiffs intend to move the Court for full permission to utilize all parties' full names consistent with their rights pursuant to the IDEA, notwithstanding Fed. R. Civ. Proc. 5.

9. Defendant Texas Education Agency ("TEA") is the state agency responsible to supervise and implement the IDEA in Texas. 20 U.S.C. §§1400, et seq., and specifically, 20 U.S.C. §1412, and 20 U.S.C. §1415. TEA is responsible to ensure that the hearing system in Texas operates consistent with the IDEA. TEA is also responsible to ensure that its state agency complaint system operates consistent with the IDEA. Many of the actions involving the TEA occurred in Austin, Texas, including the complaint investigation, and its hearing system which is situated in Austin.

10. Killeen Independent School District is the school district Defendant. Defendant KISD is a public school district in the State of Texas and is a local educational agency under the IDEA. Defendant KISD receives IDEA and other federal funding and also funding from the State of Texas, through the Texas Education Agency. Because Plaintiffs are a military family, Defendant KISD received military "Impact Aid" for S.M. throughout her time in the district. Defendant KISD is obligated to fully comply with the IDEA, ADAAA (Title II)/Section 504 and all related federal regulations, Texas Education Code Chapter 29 and the Texas education commissioner's rules.

IV. **RELATIONSHIP OF IDEA, ADAAA/Title II and SECTION 504 CLAIMS**

11. Killeen deprived S.M. of a free appropriate public education ("FAPE") pursuant to the IDEA. Killeen also engaged in discriminatory conduct contrary to the ADA and §504. In *Fry v. Napoleon*, 137 S. Ct. 743 (2017), the Supreme Court explained that if a student sought a remedy that "could be" resolved at an IDEA administrative hearing, they were required to exhaust the claim before an IDEA hearing officer. The IDEA at 20 U.S.C. §1415(l) does not

permit wholesale "elimination" of these claims; rather, it only requires that S.C. exhaust them before bringing them to this Court:

> (l) Rule of Construction. Nothing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, [42 U.S.C. 12101], title V of the Rehabilitation Act of 1973 [29 U.S.C. 790] or other Federal laws protecting the rights of children with disabilities, except that before filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

12. Plaintiffs exhausted as proved by the SEHO Decision. <u>Ex. 1.</u> In the hearing request, Plaintiffs duly "sought" to obtain a remedy under the ADA/§504, as well as the IDEA. At Killeen's request, the SEHO dismissed the ADA/§504 claims for lack of jurisdiction. This effectively eliminated the ADA/§504 claims at the administrative level. This type of dismissal without even the opportunity for briefing is, on information and belief, is commonplace before TEA hearing officers who, on information and belief, have been trained by the Texas Education Agency or other training resources to dismiss all discrimination claims of any kind.

13. The ADA was passed to provide a clear and comprehensive national mandate to eliminate discrimination against individuals with disabilities and to provide clear and strong enforceable standards addressing discrimination against individuals with disabilities. 42 U.S.C.§12101(b). Congress recognized in the passage of the ADA that discrimination took place in educational settings. Disabilities in no way diminish a person's right to fully participate in all aspects of society, and yet individuals with disabilities continually encounter discrimination including both outright exclusion and relegation to lesser services, programs or activities. 42 U.S.C. §12101(a)(1), (3), (5). This leaves disabled persons, as a group, severely disadvantaged educationally and economically.

14. Section 504 protects qualified individuals so that they are not denied the benefits of, or subjected to discrimination. 29 U.S.C. §749(a).

15. Plaintiffs specifically allege that S.M. is a qualified individual with a disability pursuant to physical and mental disabilities. S.M. was of age for school in Killeen when she was attending there. She was entitled to receive an education that was adequate or comparable or the same as the educational benefit as her non-disabled peers. S.M. did not receive that education from Killeen because the district failed to recognize all her needs as a qualified individual with disabilities and provide her a program designed to provide her a free appropriate public education through regular or special education.

16. The Americans with Disabilities Act as Amended and Section 504 recognize the disabilities suffered by S.M. as qualifying disabilities. A disability under the ADA/§504 includes an impairment that substantially limits one or more major life activity of an individual. 42 U.S.C. 12102(1)(a). Major life activities include breathing, learning, reading, concentrating and thinking. An impairment need only substantially limit only one major life activity to be considered a disability. An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active. Unlike the IDEA, the ADAA/504 do not condition eligibility on need.

17. Plaintiffs allege that Killeen has acted intentionally, with deliberate indifference and in bad faith and gross misjudgment while preserving their view that ADA/§ 504 claims do not require an allegation of bad faith or gross misjudgment or intent. *Alexander v. Choate*, 469 U.S. 287, 295-297 (1985) recognized that discrimination against the handicapped was most often the product not of invidious animus but rather of thoughtlessness and benign neglect. Mark C. Weber, "Accidentally on Purpose: Intent in Disability Discrimination Law," 56 B.C.L.Rev.1417 (2015).

## V.  THE TEA'S INVOLVEMENT

18.  In early July 2019, Plaintiff Stephanie Moody filed a state complaint with the TEA alleging that Killeen had failed to provide S.M. a free appropriate public education at various times and in multiple ways. TEA's staff substantiated Killeen's violation of numerous provisions of the IDEA. Exhibit 2 is a copy of the TEA Complaint decision, issued on or about September 5, 2019. Despite finding multiple violations of the IDEA by Killeen, the TEA ordered no remedy for Plaintiffs. Instead, it ordered Killeen to convene a meeting to discuss if S.M. should be provided compensatory education. Killeen held a meeting where its administrator, Randy Carder told the group that S.M. should receive "zero" remedy. Carder then wrote to TEA and lied to them stating that the IEP team (including the parents) had agreed that S.M. should receive no remedy for the multiple violations found by the TEA. From September 2019 forward, TEA staff took no action to ensure a remedy for S.M. as a result of the TEA complaint finding.

19.  The TEA, according to the SEHO and Killeen, is responsible for the parent not being able to access the military exception to the statute of limitations. The SEHO concluded that the TEA failed to implement the Texas state law military exception.

20.  The TEA does not ensure a verbatim transcript of the underlying hearing contrary to the IDEA.

## IV.  THE ALLEGATIONS OF DENIAL OF FAPE-IEP

21.  CHILD FIND. Killeen failed to fully complete its Child Find duties. It failed to identify S.M. with autism, a serious and debilitating disability. It also failed to identify S.M. with a Central Auditory Processing Disorder (CAPD), which impacts a child's ability to process and hear.

22.  IEP. Killeen failed to ensure that an IEP was always in place and was always fully

implemented and resulted in meaningful progress. During the 2019-2020 school year, Plaintiffs consulted with TEA in late September 2019 about what IEP was in place (given the pendency of Killeen's appeal on the State Complaint); TEA declined to advise the Plaintiffs about what IEP was in place. As late as March 5, 2020 (when they inquired again of Killeen), Plaintiffs still did not know what IEP was in place for S.M.

23. REDUCTION OF SERVICES. After the TEA Complaint decision was issued in early September 2019, Killeen staff reduced S.M.'s special education services.

24. INSUFFICIENT SERVICES and LACK OF PROGRESS. Killeen provided S.M. insufficient services for speech therapy, and occupational therapy and assistive technology. Because Killeen would not provide sufficient speech therapy, and occupational therapy, the Plaintiffs had to use medical insurance (and a co-pay) to obtain private services for speech and language and for occupational therapy. At 10 years old, S.M.'s overall fine-motor skills were at the age of a 5–6-year-old. Her language skills remain deficient as well; in part because except for one speech therapist (who left the district), no one recognized her dyspraxia and insufficient services were provided. The therapist who left had recommended a substantial increase in speech therapy; administrator Randy Carder then dictated that to obtain this, the parent would have to agree to reduced OT. The same therapist testified that she recommended an updated speech and language evaluation in spring of 2019 for S.M. but administration refused her the ability to conduct this.

25. ASSISTIVE TECHNOLOGY. S.M. needed to learn to type using a computer. But no actual AT evaluation to meet her technology needs was completed until October 21, 2019. Killeen offered S.M. "zero" services in any IEP for assistive technology; at hearing, the AT provider claimed she did provide services. One of those is incorrect. TEA absolved Killeen of

any failure to comply with providing an AT evaluation or AT services in the Complaint reasoning that as of the complaint decision dated September 5, 2019, Killeen was "working" on it. No AT evaluation was completed until October 21, 2019.

26. INSUFFICIENT DYSLEXIA SERVICES. One IEP referred in one section to dyslexia services four days a week and in another to five days a week and so it was unclear what services amount and frequency of services were being provided. Further, the parents desired that S.M. have dyslexia services more intensively and more correctly as she was not making progress. In the summer of 2019, apparently to resolve a complaint with the Office of Civil Rights, Killeen provided S.M. some 1:1 dyslexia services, the result of which showed she could progress faster with same. However, Killeen refused to continue that.

27. IEP PRESENT LEVELS AND GOALS. Killeen failed to ensure that whatever IEP was being used had objective and correct present levels and goals in order to ensure they could be measured for progress.

28. EXTENDED SCHOOL YEAR. Killeen did not have an IEP that addressed S.M.'s eligibility for ESY during the relevant timeframe.

29. CESSATION OF SERVICES DUE TO COVID. Killeen did not ensure services when COVID began; S.M. was not able to successfully use remote learning approaches.

30. LACK OF COLLABORATION. Killeen did not ensure collaboration with Plaintiff parents. It insisted on Mr. Carder's presence with whom the parent had a negative relationship. It refused to tape record a meeting that she could not attend after telling her it would tape the meeting. It did not offer her any information about accommodations for herself or Mr. Moody despite awareness of their own disabilities. It refused to use an ARD facilitator. It characterized Plaintiff mother as "hostile." It refused to collaboratively decide about compensatory education

as ordered by the TEA. It told the parent that it could not reflect her views in deliberations at meetings and consider her concerns. The Plaintiffs were denied the complete May 23, 2019 IEP. No Prior Written Notice was provided for refusal of 1:1 dyslexia services. No clarification/correction or notice was given about whether dyslexia services were 4 days a week or 5 days a week. No Prior Written Notice was provided for refusal to permit the Speech and Language evaluation.

## IV. THE SEHO'S ERRORS AND OMISSIONS

31. The SEHO's decision is at <u>Exhibit 1</u>. Plaintiffs appeal all legal determinations within the decision and all factual findings that are contrary to the extensive administrative record.

32. The IDEA mandates the responsibilities of a SEHO. 20 U.S.C. §1415(f)(3) to possess the knowledge and ability to conduct a hearing and write a decision consistent with standard legal practice based on an understanding of the IDEA. Here, the SEHO made serious and significant errors both factually and legally. His opinion represents the will of the agency and as such is arbitrary and inconsistent with the IDEA and even state law.

33. The SEHO egregiously erred in refusing to permit an exception to the one-year statute of limitations. S.M. was part of a military family and therefore entitled to the special exception to the statute of limitations set forth in Texas Law at §29.0163. The evidence is fully unrefuted that Plaintiff Josh Moody was active-duty military until October 2019. There is no dispute that Defendant KISD collected federal "impact aid" for S.M. because she was part of a military family and that. Yet the SEHO wrongly concluded that the military exception was not available to Plaintiffs because the TEA had failed to implement the legislative action.

32. The IDEA mandates that school districts comply with state agency requirements. 20 U.S.C. §1401(9). The SEHO ignored this.

33. The SEHO failed to correctly apply a preponderance of the evidence standard. Although the SEHO claims this is the standard he was applying, in reality, the SEHO applied a standard requiring the parent to prove up every fact to a "beyond a reasonable doubt" standard.

34. The SEHO wrongly excluded evidence, including both documentary evidence and testimony that Killeen acted in a way to deny Plaintiff Parent meaningful participation because she was advocating for S.M., and had successfully obtained a Complaint ruling from TEA that it had violated various aspects of the IDEA. The SEHO protected TEA employee witnesses from having to answer questions that were pertinent and important to the case, interjecting and precluding testimony.

35. The SEHO held a prehearing conference whereby he specifically excluded evidence without even having looked at the documents offered.

36. The SEHO made numerous erroneous evidentiary rulings.

37. The SEHO's decision ignores the evidence throughout and is arbitrary and capricious, or alternatively represents a decision that is simply wrong over and over again in rejection of the preponderance of the evidence.

38. The SEHO also failed to issue rulings on each proposed finding of fact and conclusion of law, as requested in writing by Plaintiffs and as required under Tex. Gov. Code 2001.141(e).

## V.  FIRST CAUSE OF ACTION – IDEA Claim- TEA

Plaintiffs bring suit against the TEA for the following acts or omissions that violate the IDEA, its regulations 34 C.F.R. Chapter 300 and state law that is not contrary to the IDEA:

1. The SEHO found that Killeen, not the child's IEP team, decided if S.M. would receive compensatory education. Decision, <u>Exhibit 1</u> (Par. 27). TEA did not know or if it knew TEA failed to act, to ensure that S.M.'s entire IEP team—not just administrator Carder-decided if S.M. would receive any remedy/compensatory education as a result of the State Complaint (<u>Exhibit 2</u>). A specific inquiry to TEA about this has gone unanswered. Letter to TEA (<u>Exhibit 3</u>).

2. The TEA, according to Killeen's pleadings and the findings of the SEHO is responsible for the SEHO's inability to allow the Texas military exception to the IDEA statute of limitations. SEHO Order No. 17 (<u>Exhibit 4</u>). The reasoning was: TEA did not implement the statute and therefore, the statute could not be in effect ensuring a military exception for a military family. Plaintiffs plead in the alternative that either the SEHO was wrong, or TEA is responsible for the wrong as the SEHO concluded.

3. The TEA erred as a matter of law in allowing the violator, Killeen, to decide if any remedy should be provided to S.M.

4. The TEA does not ensure that parents receive a verbatim transcript. Although both parties agreed that a verbatim transcript is required, the SEHO concluded that a verbatim transcript is not required. <u>SEHO Order No. 23</u>. (<u>Exhibit 5</u>). The SEHO held that if a tape recording is played during a hearing, the court reporter does not transcribe what is said. This is contrary to the IDEA which requires a verbatim transcript. 20 U.S.C. §1415(h)(3).

## VI. IDEA, 20 U.S.C. 1400, et seq. and regulations-KILLEEN

1. Plaintiffs re-allege paragraphs 1-38 above and Section V, paragraphs 1-4 to the extent that Killeen had any hand in the facts, and incorporate them by reference in

support of their claims pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§1400 et seq, and its related regulations at 34 C.F.R. Chapter 300. Plaintiffs also allege violations of the Texas Educ. Code Chapter 29 and 19 Tex. Admin. Code Chapter 89 both of which are to ensure that the IDEA is fully implemented in Texas. Plaintiffs seek reversal of the IHO's Decision in all respects where it is contrary to fact and law.

2. Plaintiffs specifically demand that this Court hold Defendant KISD accountable for its egregious failure to comply with the IDEA.

3. Plaintiffs demand that this Court reverse the SEHO specifically on his failure to find that S.M. was part of a military family and therefore entitled to the special exception to the statute of limitations set forth in Texas Law at §29.0163. The evidence is unrefuted that the Defendant KISD collected federal "impact aid" for S.M. because he was part of a military family, and that Josh Moody was active-duty military until October 2019. Plaintiffs further request that as to the federal impact aid the amount of aid Defendant KISD received be identified and the KISD reported to the federal government for accepting impact aid for a student that it now claims was not part of a military family. Further, that S.M. be afforded remedies for the time period allowed by the special exception to the statute of limitations.

4. Plaintiffs are and will be a prevailing party and as such also seek their attorneys' fees and recoverable costs for representation before the SEHO and before this Court. Plaintiffs seek both pre-judgment and post-judgment interest on all attorneys' fees from before the SEHO and this Court as well as all recoverable costs.

## VII. SECOND CAUSE OF ACTION (504/ADA) - KILLEEN

Plaintiffs re-allege paragraphs 1 through 38 above and Section V, paragraphs 1 through 4, above and raise a second cause of action, pursuant to the Americans with Disabilities Act as Amended and Section 504, ADA/§504:

1. Plaintiff Parents have suffered a pecuniary injury arising out of Defendant KISD's violation of the §504/ADA with respect to S.M. and have standing to pursue those claims. Plaintiff Parents request that they be reimbursed for all costs of reimbursement for services they purchased for S.M. to date.

2. S.M. seeks a remedy for §504/ADA discrimination because he was treated differently because of his disability and his parent's advocacy on behalf of his sibling and himself. She seeks relief for what he was not provided: designation as a qualified individual with a disability and compensatory services and a monetary damages remedy for what she did not receive contrary to §504 and her rights pursuant to the ADA.

3. Plaintiff parents seek a remedy pursuant to §504/ADA because as a result of KISD's treatment of S.M. and his parents, they moved S.M. to Belton and eventually moved to Belton ISD. They incurred out of district tuition costs and transportation to Belton ISD. They incurred moving and housing costs.

4. The SEHO did not reach any §504/ADA conclusion (for lack of jurisdiction); but some of the factual decisions completely support remedies for S.M. included (and continue to include) compensatory education and reimbursement for private services the parents obtained in the absence of appropriate services from the district. Compensatory education, including tuition reimbursement is allowed in §504 cases. See, e.g., *Howard v. Friendswood Indep. Sch. Dist.*, 454 F. Supp. 634 (S.D. Tex. 1978) (non-IDEA eligible student provided §504 protections and

reimbursement for unilateral placement); *David H. v. Spring Branch Indep. Sch. Dist.*, 569 F. Supp. 1324 (S.D. Tex. 1983) (where §504 eligible student denied benefits, payment for private school ordered).

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court enter judgment against Defendant TEA and Defendant KISD and grant the following relief:

1. Order that TEA immediately take all necessary steps to ensure the military exception will be provided to military families in Texas or alternatively find that the SEHO was wrong, and that the military exception is available without any TEA action;

2. Order TEA to immediately pay for and correct the transcript of the administrative hearing to ensure it is verbatim prior to any action on the case;

3. Order TEA to cease its practice of allowing a school district to decide if any remedy is to be issued after a State Complaint;

4. Reverse those parts of the IHO's decision against Killeen that are contrary to fact or the IDEA and state law.

5. Order that S.M. is a qualified individual with a disability pursuant to the ADA/§504 and entitled to all the rights and protections of those laws. Set the remedy phase of the ADA/§504 claim for a jury trial on all available remedies, including monetary damages.

6. Order that Plaintiffs' parents' separate independent parent rights were grossly violated as a matter of law. Further, the Court should order that the Defendant denied Plaintiff parents, especially S.M., meaningful participation in the IEP process and that their rights were significantly infringed as a matter of law. These actions constituted significant infringement of

Plaintiff parent's rights and impeded, delayed or denied her rights. They also discriminated against her contrary to the ADA/§504.

7. Order that Killeen pay/reimburse the parents for the cost of the evaluation by Dr. Connell that determined S.M. suffers from autism as well as the evaluation costs for CAPD evaluation and services, including hearing aids.

8. Order that Killeen provide S.M. compensatory education to place her in the place she would have been but for the Defendant KISD's gross violations of the IDEA. This may be reimbursement as well as compensatory education.

9. Order that Killeen identify the exact amount of "Impact Aid" it received for S.M. while she attended Killeen and return that amount to the federal government and pay any fines or comply with any orders accordingly.

10. Order that Plaintiffs be awarded reimbursement for all costs associated with moving S.M. to Belton, including out-of-district tuition and transportation costs.

11. After a jury trial, declare Plaintiffs prevailing party in the litigation and allow submission of Plaintiffs' reasonable attorneys' fees and related costs as permitted by law and incurred in the administrative proceedings, award additional fees and costs incurred in pursuing the current action and award Plaintiffs' pre-judgment and post-judgment interest on any and all awards of fees and costs; and

12. Such other and further relief to which Plaintiffs are entitled.

Respectfully submitted this 15th day of December, 2021.

/s/Sonja D. Kerr
Sonja D. Kerr, Tx Bar No. 24095771
Catherine Michael, Tx Bar No. 4079661
Connell Michael Kerr, LLP
**Main Office:**
550 Congressional Ave, Suite 115

        Carmel IN 46032
        Ph: 317-343-4482
        **Austin Office**:
        9600 Great Hills Trail, Suite 150W
        Austin Tx 78759
        Ph: 512-637-1083
        Fax: 512-717-5204
        Email: sonja@cmklawfirm.com
        Email: catherine@cmklawfirm.com
        Counsel for S.C., by and through
        his parents/guardians and next friends, S.M. and J.M.

## CERTIFICATE OF SERVICE

I certify that on December 15, 2021, a true and correct copy of Plaintiff's Complaint and attachments was served upon last known counsel for Defendant TEA and Defendant Killeen as indicated below, although formal service will be made or Rule 4 agreed upon:

Via Electronic Service

Geneva Geneva Jones & Associates
2245 Texas Drive, Suite 300
Sugar Land, TX 77479
Email: geneva@geneva-jones.com

Via Electronic Service
Christopher Jones
Office of Legal Services
Texas Education Agency
1701 North Congress Ave.
Austin, TX 78701
Email: Christopher.Jones@tea.texas.gov

Counsel for Texas Education Agency

        */s/Sonja D. Kerr*
        Sonja D. Kerr