IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **S. M., on behalf of themself and as parent/guardian/next friend of S.M., a minor student with disabilities, J. M. on behalf of themself and as parent/guardian/next friend of S.M., a minor student with disabilities,**<br><br>　　　　**Plaintiffs,**<br><br>***v.***<br><br>**Texas Education Agency,**<br><br>　　　　**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 6:21-CV-01305-ADA-DNM** |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:　THE HONORABLE ALAN D. ALBRIGHT,
　　　UNITED STATES DISTRICT JUDGE,

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636, FED. R. CIV. P. 72, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Texas Education Agency's Motion to Dismiss. Dkt. No. 12. A hearing was held on the matter on March 12, 2026. Dkt. No. 54. For the reasons that follow, the Court **RECOMMENDS** that the Motion be **GRANTED**.

**BACKGROUND FACTS**

S.M. and J.M. ("the Parents") filed this lawsuit on behalf of their minor child, S.M., against Killeen Independent School District ("KISD") and the Texas Education Agency ("TEA"). Dkt. No. 1. This lawsuit was filed after an administrative hearing before an administrative law

judge issued a ruling regarding the child's Individualized Education Program. *Id*. at 2. The Parents were unhappy with the ALJ's decision and filed this lawsuit. KISD was previously dismissed. Dkt. No. 30.

In the original complaint, the Parents sought an order that the TEA ensure that a servicemember's tolling provision that was not applied by the ALJ is properly enacted. Dkt. No. 1 at 10. They also sought an order directing the TEA to pay for and correct a transcript of the administrative hearing. *Id.* at 15. Finally, the Parents sought an order directing the TEA to cease its alleged practice of allowing a school district like KISD to determine whether any remedy should be issued following a state administrative complaint. *Id*. The TEA filed a Rule 12(b)(6) motion to dismiss each of the claims. Dkt. No. 12. During the hearing on the TEA's Motion To Dismiss, Plaintiffs' counsel stated on the record that the only outstanding relief being requested was an order directing the TEA to pay for and correct a full transcript of the administrative hearing. Dkt. No. 54. Plaintiffs' counsel confirmed on the record during the hearing that no other relief was being sought.

Because Plaintiffs' counsel narrowed the claims against the TEA to the issue of the transcript, the Court inquired of counsel whether a transcript had been prepared. Plaintiffs' counsel confirmed that a transcript had been prepared, but the transcript did not include transcription of audio files introduced and accepted as evidence in the administrative hearing and played for witnesses as part of the administrative hearing. These audio exhibits are purportedly recordings of meetings that were held between the relevant parties regarding the student. Plaintiffs' counsel confirmed that the audio recordings were played during the administrative hearing, admitted as exhibits during the administrative hearing, and that the admission of the

audio recordings as exhibits is reflected in the transcript. Plaintiffs' only complaint at this point is that the transcript itself does not reflect the verbatim contents of the audio recordings.

**APPLICABLE LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint may include legal conclusions, but such conclusions must be supported by factual allegations. *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). To survive a dismissal motion, "plaintiffs must allege facts that support the elements of the cause of action." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). The court takes as true the complaint's factual allegations and construes them in the light most favorable to the nonmoving party. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

**ANALYSIS**

Under 20 U.S.C. § 1415(h)(3), the TEA is required to provide a transcript of the hearing before the ALJ. The TEA does not dispute this. Consequently, there is no dispute regarding Plaintiffs' entitlement to a complete transcript of the administrative hearing. The only dispute is what constitutes a transcript. Namely, whether the statutorily required transcript includes a transcript of any audio exhibits offered and accepted as evidence during the hearing. The Court concludes that it does not.

The term transcript is not defined in the relevant statute. Black's Law dictionary defines a transcript as a verbatim record of any testimony offered in a proceeding. *Transcript*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "transcript" as "a handwritten, printed, or typed copy of testimony given orally" or "the official record of proceedings in a trial or hearing, as taken down by the court reporter"). It does not include a verbatim record of any audio exhibits because such exhibits are not testimony. They may be evidence, but they are not testimony that is offered in a hearing.

The reasonable basis for imposing the duty that the TEA be responsible for the preparation of a transcript is to permit a court's review of any ALJ decision. For a court to properly review the decision, it would be necessary for a court to be able to review all of the evidence that was offered during the administrative hearing. This would include the testimony of the witnesses and the evidence that was accepted. As long as the record provides a review court with this ability, the record is sufficient to meet the reasonable basis for the imposition of the duty that the TEA pay for and be responsible for the preparation of the transcript.

Based on the representations by Plaintiffs' counsel that an accurate transcript of the testimony from the administrative hearing was prepared, that the transcript include references to the fact that the audio exhibit was accepted, and that the transcript references those portions of the audio exhibit that were played during the hearing, the reasonable basis for the preparation for the transcript appears to have been met. A reviewing court would be able to read what the testimony was, see that the audio exhibit was admitted, and review that portion of the exhibit that was introduced and to determine the issue before it in any appeal with that portion of the exhibit in mind.

Moreover, the common accepted meaning of "transcript" as used in the statute and as defined in Black's Law Dictionary does not require the transcript of the audio portion of an admitted exhibit because a transcript is limited to the recording of statements made as a part of a proceeding, and audio exhibits are not statements made as a part of a proceeding, Plaintiffs' counsel's recommendation confirms that the transcript that was prepared complies with the statute.

Because the only outstanding issue per Plaintiffs' counsel's representations was TEA's duty to prepare a transcript of the administrative hearing and because Plaintiffs' counsel confirmed that the transcript that was prepared includes all of the statements made as part of the hearing and reflects that the audio exhibit was offered, admitted, and played, the Court **RECOMMENDS** that the TEA's Motion to Dismiss be **GRANTED**.

## <u>OBJECTIONS</u>

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(l)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** this 6th day of April, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE